*Ex Parte* JOHN J. HALEY.

St. Louis Court of Appeals, November 19, 1889.

1. Contempt, Proceedings For.  A receiver appointed under the attachment act, who disobeys an order of the court to pay over funds in his hands, is in contempt of the court, and may be imprisoned by the court therefor until he purges himself of the contempt by compliance with the order.

2. ———.  In case the attachment suit, in which the receiver was appointed, is, after such appointment, removed by change of venue to another court, such other court has jurisdiction to make and enforce such order.

3. ———.  In such a case an attachment for contempt may issue in the first instance, without any preliminary citation to show cause.

*Original Proceeding by Habeas Corpus.*

PRISONER REMANDED.

*M. G. Reynolds* and *D. H. Ball*, for the petitioners.

The court, being one of general jurisdiction, has the authority to commit for contempt, and the petitioner

ought not to be discharged.   R. S. 1879, sec. 2648; *Ex parte McKee*, 18 Mo. 599; *Ex parte Goodin*, 67 Mo. 647. The receiver is an officer of the court standing in the shoes of the sheriff in respect of the matter specially entrusted to him by the court, and, by accepting which, he subjected himself to the full and complete jurisdiction of the court to make and enforce, as for contempt, obedience by him to all lawful orders of the court independent of any statute.   Beach on Receivers, sec. 291; *Ex parte Crenshaw*, 80 Mo. 447.   It is not an imprisonment for debt simply because the order relates to money, which the receiver reports he has as such officer. *Robert v. Stoner*, 18 Mo. 447; *Coughlin v. Ehlert*, 39 Mo. 285; *Ex parte Crenshaw*, 80 Mo. 447.

THOMPSON, J., delivered the opinion of the court.

The questions for decision arise upon a demurrer to the return, from which it appears that the petitioner was duly appointed a receiver to take charge of a growing crop levied upon in an attachment suit; that such proceedings were had in the attachment suit that the attachment was abated; that thereupon, in pursuance of an order of the court, the petitioner filed a report as such receiver showing a balance in his hand as receiver of $400.91; that the court thereupon ordered him to pay this money to the personal representatives of the defendant in the attachment suit, who had died pending the suit, of which order the petitioner had due notice; that the petitioner failed to comply with this order, without showing, or offering to show, any excuse therefor; that thereupon the attorneys of such personal representatives, on the sixth of September, 1889, served upon the petitioner a notice reciting the foregoing facts, and notifying him that they would on that day move for an attachment against him for contempt in declining to obey the order of the court; that thereafter, on the twenty-fourth day of September, Haley having failed to

appear in pursuance of said notice, the court made an order reciting in detail the previous proceedings in the cause, adjudging him guilty of contempt, directing an attachment to issue against him, and directing his confinement in the county jail, unless he should, on or before the fifteenth of October thereafter, purge himself of the contempt by complying with the order to pay over the money ; and commanding the sheriff to keep him in the county jail until he should pay the money into the hands of the sheriff.

The foregoing statement of the facts shows that we must remand the prisoner. By section 2648, Revised Statutes, "it shall be the duty of the court or magistrate forthwith to remand the party, if it shall appear that he is detained in custody, either    *    *    *    third, for any contempt, specially and plainly charged in the commitment, by some court, officer or body having authority to commit for a contempt so charged."

That the refusal of a receiver to pay over, in compliance with an order of the court whose officer he is, moneys which he professes to have in his hands as such receiver is a contempt of court, is a proposition which, in our judgment, does not require argument. The power which existed at common law to enforce compliance with such orders, by proceedings as for contempt, was manifestly intended to be reserved to the courts by the following sections of the Revised Statutes : "Nothing contained in the preceding sections shall be construed to extend to any proceeding against parties or officers, as for contempt, for the purpose of enforcing any civil right or remedy." R. S. 1879, sec. 1059.

In commenting on this section, the supreme court, in *Ex parte Crenshaw*, 80 Mo. 450, says : "The effect of this section is to leave the punishment for contempt, in cases other than those embraced in section 1055, as at common law. The power to commit as for contempt any officer, or party, in a proceeding for the purpose of

enforcing a civil right or remedy, relates only to such con-
duct as tends to defeat or impair the right or remedy of
a party. It must be for a disobedience of some order
or process made or issued, in order to preserve such
right as the parties, or adverse party, may establish to
the property in controversy."

The counsel for petitioner argues that the receiver
is not an officer, within the meaning of section 1059, and
further argues that the disobedience of the order in the
present case was not one tending to impair or defeat the
right or remedy of the party complaining because it affects
money and not specific property, and because the party
complaining has an adequate remedy on the receiver's
bond or on the bond of the plaintiff in the attach-
ment. We think that neither of these propositions
is tenable. The receiver, in attachment proceedings,
is a mere substitute for the sheriff, and as much an
officer of the court as the latter, and it is not essential
that the disobedience should *defeat* a right or remedy;
it is sufficient if it *impair* it in any manner.

Nor do we see any force in the argument that the
petitioner was appointed receiver by the Louisiana
court of common pleas, and that the present order of
commitment is made by the circuit court of Ralls
county, to which a change of venue in the attachment
suit was taken. The change of venue removed the cause
to the circuit court of Ralls county, for all purposes and
with all its incidents. No jurisdiction remained in the
Louisiana court of common pleas to take any steps
in the cause except to effectuate the order changing the
venue; and the receiver became thereafter the officer of
the circuit court of Ralls county, and subject to its
lawful orders. We do not think it necessary to argue
the proposition that the order changing the venue did
not have the effect of splitting the action into two parts,
transferring the attachment suit to Ralls county, and
leaving the receivership as a trust to be administered by
the Louisiana court of common pleas.

Nor do we think that the petitioner is entitled to a discharge on the ground that he did not have sufficient notice of the proceedings against him. Regularly, a preliminary rule to show cause why an attachment should not issue is the practice in proceedings of this sort. But such a rule is not necessary to the jurisdiction; an attachment may issue in the first instance. *Ex parte Mason*, 16 Mo. App. 41, 45. It was held in this last case, with the concurrence of all the judges, that every court has authority to compel the personal attendance of its officers, when necessary to the due performance of its functions, or in vindication of its authority. It seems to result from this that, even if the statute has changed the rule at common law so as to require, in case of one not an officer of the court, reasonable notice before attachment for contempt, such change does not affect proceedings against an officer, who, in contemplation of law, is present in court and subject to its orders at any time. There is nothing in the elaborate record of the proceedings, which has been exhibited by the sheriff in his return, which raises the slightest suspicion that the prisoner was deprived of any opportunity of making any defense which he may have had; nor does he state in his petition that he had any defense to make. The case is the naked one of an officer of court refusing to obey its lawful orders while having it in his power to do so. A commitment for this cause, recited in detail in the order of commitment, is a commitment " for a contempt specially and plainly charged," within the meaning of section 2648, Revised Statutes.

The demurrer is according overruled. Judge ROMBAUER concurs. Judge BIGGS, having been of counsel in the attachment suit, takes no part in this decision.