### In re Frederick Knaup.

#### In Banc, June 14, 1898.

1. **Execution:** DISCLOSURE OF ASSETS: COMMITMENT FOR CONTEMPT.
   Under section 4971, Revised Statutes 1889, empowering an execution plaintiff to cause an execution debtor to be examined as to his means and ability to satisfy the judgment, a circuit court has no power to commit such execution debtor to jail as being in contempt, because of his failure to obey an order of the court to deliver up bonds, notes and other personal property which his evidence shows he has on his person.  The court can not enforce an order it has no authority, for want of jurisdiction, to make, and by said section the court has no such authority.

2. ———: ———: ———.  Under such section the judgment debtor can be committed for contempt for refusal to undergo an examination, but not for his failure to turn over into the court the property which his examination has discovered.

In re Frederick Knaup.

3. ——: ——: ——: OTHER STATUTE: IMPRISONMENT FOR DEBT. But the court may, under section 5243, Revised Statutes 1889, order an execution debtor who has on his person or in his possession bonds or other negotiable instruments, to deliver up the same, and on his refusal to do so may enforce such order by an attachment of his person and commitment. Such commitment is not imprisonment for debt.

4. ——: ——: ——: GARNISHMENT. The existence and ownership of such negotiable instrument would regularly, under the statute, be made to appear by the answer of the garnishee, but this need not necessarily be the method of procedure. In this case these facts were made known by the execution debtor while under an examination instituted under section 4971, and reasserted by him in the presence of the court at the hearing of an application for the appointment of a receiver to take charge of the bonds pending a garnishment proceeding begun against the company whose bonds the execution debtor had in his possession.

5. ——: ——: ——: ——: RECEIVER. Nor is such execution debtor warranted in refusing obedience to the order of the court to deliver up such bonds, because the court appointed a receiver upon the application of the execution creditor in the garnishment proceeding to hold the bonds pending a hearing of the garnishment matter.

6. ——: ——: ——: NEGOTIABLE NOTE. The term "negotiable promissory note," used in section 5243, is generic, and covers bonds of a waterworks company.

## Habeas Corpus.

PRISONER REMANDED.

*Silver & Brown* for petitioner.

(1) A person committed for contempt for disobeying an order, which the court committing him had no authority to make, may be released on *habeas corpus*. *Ex parte Arnold*, 128 Mo. 536; *Ex parte Craig*, 130 Mo. 590; R. S. 1889, sec. 5379. (2) A court of chancery (independent of statute) has no power, at the instance of a judgment creditor, who has exhausted his remedies at law, to compel him, under the penalty of imprisonment, to turn over to a receiver bonds or

personal chattels in his possession, in order to subject them to the satisfaction of a judgment against him. *Cresswell v. Smith*, 2 Tenn. Ch. 416; *Donovan v. Finn*, Hopkins Ch. (N. Y.) 59; *Greene v. Keene*, 14 R. I. 388; *Greene v. Tatum*, 19 N. J. Ch. 108; *Erwin v. Oldham*, 6 Yerger (Tenn.), 185; *McFerran v. Jones*, 2 Bibb (Ky.), 220; *Shaw v. Aveline*, 5 Ind. 380. No such power has been conferred by statute in Missouri. Even sections 4971, *et seq.*, Revised Statutes 1889, authorizing the examination of an insolvent debtor as to his ability to satisfy a judgment against him, does not empower the court to enter an order requiring him to turn over property found in his possession. (3) The attempted exercise of such power, commitment for contempt, because of his refusal to deliver to the receiver the bonds in controversy, is in contravention of section 16 article II of the Missouri Constitution, which provides: "That imprisonment for debt shall not be allowed except for the non-payment of fines and penalties imposed for violation of law." *Ex parte Hardy*, 68 Ala. 303; *Clements v. Tillman*, 79 Ga. 451; *Hosack v. Rogers*, 11 Paige, 603; *Board, Etc., v. Scovell*, 13 Kan. 33; *In re Insurance Co.*, 17 Nat. Bankruptcy Reg., p. 368; R. S. 1889, sec. 8954. (4) The appointment of the receiver was in excess of the rightful power of the court, and if so, the petitioner was warranted in refusing obedience to the order of the court requiring him to deliver the bonds to the receiver, and should be discharged. *First.* The application for the receiver's appointment as well as the order of the court appointing him, show on their faces that the indebtedness on the note sued on had passed into judgment, and that the only purpose of appointing the receiver was to obtain possession of the bonds to answer the ends of the *fi. fa.* under the judgment at law. There is no authority for a court of equity to appoint a receiver

in such case.    The only receiver authorized in connection with a *fi. fa.* process is the one mentioned in Revised Statutes 1889, section 4919; that is, one appointed by the court, issuing the process and then only "when" the bonds, bills, etc., have been "seized." *Expressio unius exclusio alterius.    Second.*    Nor can it be said that the receiver was rightfully appointed in aid of the garnishment, and having been so appointed the court could rightly order the bonds to be delivered to him and could lawfully imprison the petitioner for refusing to comply with said order.    The bonds in controversy are not subject to sale under execution (R. S. 1889, sec. 4915); only after seizure can they be placed in the hands of a receiver for purposes of collection (R. S. 1889, sec. 4919), and garnishment can not invoke in its aid an unauthorized receivership and a process which is the equivalent of imprisonment for debt.    *Third.*    The execution creditor (regardless of petitioner's possession of the bonds) has his remedy of statutory garnishment against the waterworks company, and one which he is pursuing.    Petitioner's possession of the bonds can not interfere with the execution creditor in obtaining a judgment against the garnishee.    R. S. 1889, sec. 5218, *et seq.*    (5) Articles carried or worn about the person are not the subject of seizure on attachment, execution or in replevin.    *Maxham v. Day*, 16 Gray, 213; *Macks v. Parks*, 8 Gray, 517; 2 Freeman on Ex., sec. 255; Wells on Repl., secs. 148–286.

*W. S. Pope* for respondent.

(1)    The questions involved in this case seem to have been settled by the courts of this State as well as elsewhere.    *Coughlin v. Ehlert*, 39 Mo. 285; *Ex parte Toney*, 11 Mo. 662; *Ex parte Renshaw*, 6 Mo. App. 474;

*In re Greene Co. v. Rose*, 38 Mo. 391; *Ex parte McKee*, 18 Mo. 599; *In re Mason*, 16 Mo. App. 41; *State ex rel. v. Horner*, 16 Mo. App. 191; *Ex parte Crenshaw*, 80 Mo. 447; *Ex parte Millett*, 37 Mo. App. 76; *Ex parte Haley*, 37 Mo. App. 562. (2) The statutes governing contempt of court make a distinction between proceedings for criminal contempt and those to enforce an order of court. R. S. 1889, secs. 3261, 3266. (3) The questions before the court are settled by a long line of authorities elsewhere. Among others the court is referred to Church on Habeas Corpus [2 Ed.], chap. 23; Hurd on Habeas Corpus, p. 363; *Ex parte Claney*, 90 Cal. 553; *Ex parte Bergman*, 26 Pac. Rep. 914; *In re Terry*, 128 U. S. 289; *People ex rel. v. Nevins*, 1 Hill, 154; *Doyle v. Comm.*, 107 Pa. St. 20; *Ex parte Ah Men*, 11 Am. St. Rep. 263. (4) The court had jurisdiction to enjoin defendant Knaup from transferring the bonds until the garnishment proceedings against Jefferson City Water Works Company could be pursued to final judgment. High on Injunctions [3 Ed.], chap. 27; High on Rec., sec. 758; Hilliard on Inj. [3 Ed.], sec. 13; Eden on Inj., 21. (5) Having entered a valid restraining order against the transfer of the bonds, the court had jurisdiction to make that injunction effective by appointing a receiver to take charge of the same during the controversy. The court has the inherent power to appoint receivers. High on Receivers [3 Ed.], chap. 1; *Ib.*, chap. 12; *Bloodgood v. Clark*, 4 Paige, 577; *Browning v. Betlis*, 8 Paige, 568; Freeman on Ex. [2 Ed.], secs. 419, 420; R. S. 1889, secs. 5243, 2193; Edwards on Rec., chap. 1; *Cox v. Volkert*, 86 Mo. 505; *State ex rel. v. Gambs*, 68 Mo. 289. (6) Having jurisdiction to appoint a receiver, the court had the resulting power to direct the defendant to deliver the bonds

to him, and having jurisdiction over his person, to punish him for willful disobedience to the order of the court. Freeman on Ex. [2 Ed.], secs. 419, 421; *Bond v. Bond*, 69 N. C. 97; *Bank v. Wickam*, 44 How. Pr. 422. As to judgments for contempt, power to commit, effect of judgment, its nature and character, the court is referred to Freeman on Judg. [4 Ed.], sec. 137; also chap. 29; especially secs. 619 to 624; also sec. 487. As to contempts and the power to punish, the court is referred to Rapalje on Contempt, chap. 1, secs. 1–3. Disobedience of orders, secs. 16, 17, 19, 20, 33, 39, 155, 156, 157. The attention of the court is especially directed to sections 39, 155.

ROBINSON, J.—This is an application, on *habeas corpus*, for the discharge from imprisonment of the petitioner, Frederick Knaup, committed to the jail of Cole county for contempt, in refusing to obey an order of the circuit court of that county requiring him to deliver to its receiver certain bonds in petitioner's possession. The facts giving rise to this proceeding have been summarized by counsel as follows:

The Cole circuit court, at its July term, 1897, rendered judgment (on a promissory note) in the sum of $3,073.35 against the Standard Shoe Company and Frederick Knaup, codefendants. An execution was, on August 12 thereafter, sued out by the judgment creditor and against the defendants, returnable to the November term, 1897, of the circuit court, and the same was returned to said term unsatisfied except as to the sum of $189.70, which was realized and applied as a credit on the execution. Afterward, at the November term, 1897, of said court, the execution plaintiff caused the petitioner herein to be examined by the court, under Revised Statutes 1889, section 4971, *et seq.*, as to his ability and means to satisfy the judg-

ment.  The court, on November 30, 1897, entered its finding on said examination to the effect that the petitioner had in his possession and on his person "three bonds of Cole county of the par value of five hundred dollars each, and five bonds of the Jefferson City Water Works Company of the par value of one thousand dollars each, and a' note against the Standard Shoe Company; that all of said property ought to be applied to the payment of said judgment until the same has been satisfied and that said judgment is a prior lien on said property."    Afterward, on November 30, 1897, the execution plaintiff filed a motion in the circuit court requiring said Frederick Knaup to deliver the Jefferson City Water Works bonds so found in his possession and upon his person into the court.    This motion the court on the same day overruled.

Afterward, on said November 30, 1897, the execution plaintiff sued out an *alias* execution against the defendants, and subsequently on the same day the sheriff of Cole county returned the *alias* execution, his return reciting service of garnishment process on Fred H. Binder, president of the Jefferson City Water Works Company.    Thereafter, and on the same day, the execution plaintiff filed in the circuit court his supplemental petition, in which he set forth in substance the rendition of the judgment for $3,073.35 in his favor, the issuance of the original execution thereon and its return unsatisfied except as to the sum of $189.60, the issuance of the *alias* execution and the service of the garnishment on the waterworks company, the examination of said Frederick Knaup under oath by the court and its finding that he had in his possession and upon his person the bonds as recited by the court in its order, and that they were subject to the payment of plaintiff's judgment. Said petition further sets forth that unless Frederick Knaup should be restrained from

so doing he would negotiate said bonds and place them beyond the process of the court, and it prayed for a temporary restraining order to prevent said Knaup from negotiating said bonds until the hearing of the garnishment proceedings; that the injunction be then made perpetual and for the appointment of a receiver to take charge of the securities pending litigation. The court at this hearing entered its order directing the said Frederick Knaup (petitioner herein) to deliver the said Jefferson City Water Works bonds into the hands of the receiver, and on his refusal to obey said order, adjudged him guilty of contempt and committed him to the jail of Cole county until he should yield obedience thereto. The said Knaup having been taken into custody by the sheriff of Cole county, brings this *habeas corpus* proceeding to test the legality of the order.

In the brief filed herein with the court, by the learned counsel for the petitioner, a most interesting discussion, involving the consideration of questions about which the courts of our country are in much confusion have been presented, such as the authority and power of courts of equity (independent of express statutory enactments conferring it) to compel a debtor, at the instance of a judgment creditor, whose execution at law has proven unavailing, to turn over to the court or a receiver appointed by the court, under the penalty of imprisonment, notes or other personal chattels in his possession in order that they may be subjected to the satisfaction of the judgment against him; and further as to what is the proper limitation and restriction of a court of equity when invoked as auxiliary to a court of law in the enforcement of its judgments, and other like kindred questions. Also the question as to what extent articles carried or worn about or upon the person of an execution debtor are to be held exempt from seizure on execution or attachment. Also an

elaborate discussion on the constitutional declaration against imprisonment for debt, and the various statutory provisions enacted declaratory thereof.

In the view we take of the facts that lead up to and resulted in the order of imprisonment of the petitioner by the circuit court, from the force of which he now seeks by this writ his discharge, there will be no occasion to give to this opinion so wide a range of discussion as is suggested in the brief of petitioner. While the petitioner was brought before the circuit court of Cole county on an order for his appearance and examination touching his means and ability to pay the judgment against himself and in favor of one of his judgment creditors, under section 4971, and Revised Statutes 1889, and at that examination he was made to disclose the ownership and whereabouts of the waterworks bonds mentioned above, the order for his imprisonment was not predicated upon the authority of section 4971, but upon sections 5243 of the garnishment act. In the case of *State ex rel. v. Barclay*, 86 Mo. 55, it was said, though the point was not directly involved in the judgment, that section 2410, Revised Statutes 1879, now section 4971, Revised Statutes 1889, under the chapter on executions, did not authorize the court to go so far as to order the defendant to turn over property to the officer of the court. This *obiter* expression we regard as the correct view, however, in this State, under that manner of procedure, because when the statute herein confers special power, or when a special method is prescribed for the execution of a given power, this generally forbids the doing of the thing specified in the particular way pointed out by the statute conferring such power. *Heidelberger v. St. Francois Co.*, 100 Mo. 69, and cases cited. Under the provisions of the execution statute, section 4971 (against which the counsel for petitioner have directed

so much of their effort, as if it was the sole authority upon which the circuit court predicated its power to make the order of commitment), the court would have been undoubtedly wanting in power to cause the petitioner, as execution debtor, to deliver up his property, and for lack of that power, an order. f or his commitment for failure to comply therewith under that statute would have been without jurisdiction and the petitioner might properly have asked for his discharge. The circuit court, recognizing that want of power when the petitioner was first brought before it under section 4971, refused to make its order upon petitioner to deliver the bonds into court under penalty of imprisonment, although urged to do so by the judgment creditor. And here it is conceded that the rule that gives a court the power to enforce its orders, can never reach beyond those made in the legitimate exercise of its power, and never to those orders of which it had no authority by reason of want of jurisdiction, or otherwise, to make. The order, which section 4971 authorizes the court to make is, "that the judgment defendant undergo an examination touching his ability and means to pay and discharge the judgment against himself, and in case of neglect or refusal on part of such judgment debtor to obey such order, then to issue a writ of attachment against such debtor, as now provided by law, and to punish him for contempt," etc. The authority for the attachment and order of contempt, as will be observed under that section, is for a refusal to undergo an examination, and not for the failure to turn over the property into the hands of the court brought to light by the examination.

But the circuit court did not rely upon the power and provisions of section 4971 in the making of its final order of commitment against the petitioner, although as above said, it was under that section that

the petitioner was made to disclose, first the possession
and ownership of the bonds of the waterworks com-
pany in himself.   Garnishment proceedings in aid of
an execution against the petitioner had been inaugu-
rated immediately on  petitioner's disclosure of the
ownership of the bonds, and the waterworks company
that had issued its five bonds of $1,000 to petitioner,
summoned as garnishee.   By section 5243 of the gar-
nishment act, Revised Statutes 1889, it is provided,
''If it shall be made to appear that any garnishee had,
before his garnishment, executed to any defendant
a negotiable promissory note, which at the time of the
garnishment, was unpaid, the court, or the judge
thereof, may order the defendant to deliver the same
into court.''   And further on the section provides that
such order of delivery may be enforced by attachment
against the body of the party to whom it is directed.
Regularly such fact as the existence and ownership of
a negotiable promissory note or bonds would be made
to appear by the answer of the garnishee, but this is
not necessarily the case.   It is sufficient that such
fact be made to appear in any other mode, proper in
a court of justice.   Here the fact of the existence of
negotiable bonds, which is covered by the generic
terms negotiable promissory note, as used in section
5243, was made to appear to be in possession of and
owned by the judgment debtor (the petitioner herein)
by his own answer to a legitimate question propounded
to him while under examination as an execution
debtor, and again reasserted by him in the presence of
the court at the hearing of the application filed by the
judgment creditor, wherein the existence of his unpaid
judgment, the issuance of the execution thereon and
the service of garnishment upon the waterworks com-
pany and the possession and ownership of five of its
bonds by petitioner, were all set out with the prayer

that an order be made upon petitioner, as execution defendant, to deliver into court said bonds as provided in section 5243, and for an order restraining and enjoining the petitioner from negotiating said bonds, and for the appointment of a receiver to take charge of the same pending the hearing of the garnishment proceeding against the waterworks company.  The fact that petitioner's ownership and possession of the bonds of the waterworks company was first disclosed to the court at an examination under section 4971, where no authority is given to the court to make an order that petitioner, as judgment debtor, turn over said bonds into the hands of the court, certainly can not be used as a shield with which to ward off the force of an order made under the provisions of section 5243 of the garnishment act, nor be interposed to protect against the penalty imposed by that section, for the failure to comply with the court's order thereunder.  Ignoring section 4971 and all done thereunder, and considering only section 5243, full and ample statutory authority is found, not only for the court's order upon the petitioner to turn over the bonds into the hands of the court, but express authority for its order committing petitioner as for contempt for his refusal to comply therewith is equally as positive.

The petitioner further contends that the appointment of the receiver, on the application of the execution creditor, in the garnishment proceedings, was in excess of the rightful power of the court, and for that reason the petitioner was warranted in refusing obedience to the court's order requiring him to deliver to the receiver the bonds.  This contention is untenable. The essence of the order, so far as it concerned petitioner was, that he deliver the bonds in his possession into court to be dealt with according to law.  Whether their custodian was to be the clerk of the court, the

judge of the court, or a receiver named by the court, as an arm thereof to do its office in that particular, is a question about which petitioner can not be heard to complain in this collateral proceeding. While there is no doubt upon the proposition that a person committed for contempt in disobeying an order, which the court committing him had no legal right to make, may be discharged on *habeas corpus*, and that all orders or judgments of courts to be enforcible must be grounded upon lawful authority in the court to make them, all that part of an order within the sphere of the court's power, that is complete within itself and susceptible of enforcement independent of an unauthorized or unwarranted supplement to said order, is not to be treated as if never made, or held as void, because of the unauthorized or unnecessary supplement · made in connection therewith (if such the order · appointing the receiver to take charge of the bonds could be so characterized but about which we do not feel called upon here to express an opinion). Certainly it ought not to be held that one against whom a lawful order has been made (as against the petitioner in this case) by a court having jurisdiction over the person, and of the subject-matter, out of which the order for his imprisonment emanated, can be heard to make that objection as .an excuse for his disobedience of that part of the order, properly and lawfully directed to him for performance.

This court, in the case of *State v. Bockstruck*, 136 Mo. 335, in answer to the objection made by the defendant therein that the judgment against him was unauthorized by law, in that it required the fine imposed upon him to be paid "to the State of Missouri, for the use of the City of St. Louis," says: "Inasmuch, however, as there was no necessity for the judgment to specify to what purpose the fine should be applied; inasmuch as without any direction in the

judgment therefor, it was the duty of the sheriff to pay over the fine to the proper representative of the board of public schools of the city of St. Louis, and inasmuch as this is a case of misdemeanor, we shall order the judgment to be amended by striking out the unnecessary words, and as thus amended, we affirm it.'' That is, the unauthorized and unnecessary supplement to the judgment directing to what use the fine imposed upon defendant should be applied, was not deemed so fatal to the judgment as to even justify its reversal on appeal, and much less should such an objection as that made by the petitioners herein be held as availing, when raised in this collateral proceeding by *habeas corpus*. If the court had jurisdiction in the matter of making the order for the delivery up of his bonds, but the order as made was irregular or improper in some mere matter of detail, it was still obligatory upon petitioner, until reversed by some appellate court on appeal, and he could be punished for disobedience of or resistance to such order. The jurisdiction of the court in the matter of its order upon petitioner in the hearing of the proceeding under section 5243, however, rested not upon the question as to what particular offices or officers of the court the bonds held by him were to be delivered, or who was to act as their custodian pending the garnishment proceeding that had been instituted; but upon the fact that he held paper of a designated character, that in the wisdom of the legislature adopting section 5243 of the garnishment act, was thought to be of such a fleeting nature and so easy of disposition that it might be lost if left to the custody of a tardy and reluctant debtor pending the effort by garnishment to subject it to the payment of his debts.

It is further urged that the order committing petitioner to jail was in effect imprisonment for debt,

within the prohibitory provision of section 16 article
II of the Constitution 1875, and in contravention of
the protective provision of section 8954, Revised Stat-
utes 1889, declaratory thereof. This contention we
think likewise wholly without merit. Certainly it
ought not to be seriously contended that the framers
of the Constitution of 1875, or 1865, when first the
clause absolute against imprisonment for debt found
its way into the organic law of this State, intended by
that provision (couched in language so unlike a death
warrant to our courts), the execution and death
thereof, as would result by denying to them the right
to punish by imprisonment willful disobedience to their
lawful orders, whether those orders be for the delivery
by an execution debtor of his bonds into the custody
of the court, that ultimately may be used to discharge
a judgment obligation, or for any other lawful and
proper order made. The right to punish for contempt,
disobedience to all lawful mandates of a court, is not a
mere formal incident to a court, but an inherent power
essential to the very existence of a court of record, and
granted as a necessary incident in establishing a tribu-
nal as such, the absence of which power in a court
would render lifeless and practically ineffectual that
great branch of this, as of all governments. Surely, if
so essential a power in our courts was to be stricken
down, the framers of our Constitution would have
chosen more apt words than those contained in section
16 of article II of our present Constitution, providing
"that imprisonment for debt shall not be allowed
except for the non-payment of fines and penalties
imposed for violation of law." That is a mere consti-
tutional restriction upon the courts against the enforce-
ment of a given character of judgments against the citi-
zens, but in no sense to be construed as a strike at, or a
restriction upon, the exercise of that vital inherent

power of the courts to enforce any and all lawful orders by imprisonment for contemptuous disobedience thereof. There is no question of imprisonment for debt presented by the facts of this case

For these reasons we hold that the petitioner is not entitled to his discharge and hence order that he be remanded to the custody from whence he came, and that the writ be discharged. GANTT, C. J., SHERWOOD and BRACE, JJ., concur; BURGESS, WILLIAMS and MARSHALL, JJ., not sitting.