## KANSAS CITY v. R. M. PENGILLEY, Appellant.

**In Banc, November 11, 1916.**

1. **IMPRISONMENT FOR DEBT: Breach of Contract.** An obligation to pay arising out of a contract is strictly within the meaning of the word "debt" as used in the constitutional provision forbidding imprisonment for debt, and such prohibition cannot be evaded by the Legislature or a city council by the device of declaring a breach of such a contract a crime.

2. ———: ———: **Use of Automobile or Other Vehicle: Failure to Pay.** An ordinance declaring that any person who hires an automobile, carriage, buggy, wagon or taxicab, and refuses to pay the agreed price, or a reasonable price, or the rate fixed by ordinance, shall be deemed guilty of a misdemeanor, and on conviction be fined not less than one or more than five hundred dollars, is, in the absence of all fraud on the part of the hirer, invalid as an indirect effort to evade the constitutional provision prohibiting imprisonment for debt.

3. ———: ———: ———: **Police Regulation.** The police power cannot be used as a cloak under which to overthrow or disregard the constitutional inhibition of imprisonment for debt.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED.

*William C. Forsee, J. E. Trogdon* and *S. P. Forsee, Jr.,* for appellant.

(1) The ordinance in question is invalid, because it is uncertain, unreasonable and oppressive. It undertakes to punish one who shall "refuse" to pay, without saying at what time the refusal shall occur. It does not state at what moment the pay is demandable, or the refusal to pay shall be deemed to occur. City v. Glover, 210 Mo. 502; City v. Black, 139 Mo. App. 386; City v. Fitz, 53 Mo. 582; City v. Roche, 128 Mo. 546; Ex parte Smith, 135 Mo. 223; City v. Riley, 72 Mo. 220; City v. Springfield, 93 Mo. App. 70; St. Louis v. Packing Co., 141 Mo. 388; City v. Weidman, 57 Mo. App 513. (2) It is void because it is in conflict with

article 2 of section 16 of the Constitution. If the ordinance had provided that any one who obtained a taxicab ride through the use of artifice, deception, stratagem, false pretense or other fraudulent practice, with intent to defraud the owner or driver, should be punished, it might, in a proper case be sustained. But as it punishes for a mere refusal to pay a debt, it indirectly attempts to inflict imprisonment for debt. We concede that where a fine or penalty may properly be imposed, the offender may be imprisoned for nonpayment of the fine. But not otherwise. Constitution, art. 2, sec. 16; State v. Paint Rock Co., 92 Tenn. 81-82; Ex parte Holman, 79 S. C. 9; Lamar v. Prosser, 121 Ga. 153; Knutte v. Const., 134 Cal. 660; Lamar v. State, 47 S. E. 958; Youmans v. State, 66 S. E. 387; State v. Benson, 28 Minn. 424; Carr v. State, 106 Ala. 35; Meyer v. Berlandi, 39 Minn. 438; State v. Yardley, 95 Tenn. 46. Imprisonment for debt is not allowed in Missouri. Ex parte Crenshaw, 80 Mo. 447; Coughlin v. Ehlert, 39 Mo. 286; McMackin v. McMackin, 68 Mo. App. 60; Robertson v. Stoner, 18 Mo. 286; Ex parte Millett, 37 Mo. App. 82.

*Andrew F. Evans, Hunt C. Moore, H. A. Ault, J. A. Harzfeld, C. M. Blackmar* and *A. F. Smith* for respondent.

Plaintiff employed a taxicab and at the conclusion of service rendered him refused to pay the charge fixed by ordinance, which made it unlawful for any person to refuse to pay such charge for such service rendered. The ordinance is valid. It does not conflict with section 2 of article 16 of the Constitution, which prohibits imprisonment for debt. The business of carrying passengers for hire in hacks and taxicabs is a public employment and subject to regulation by the government. Wyman on Public Serv. Corp., sec. 186. An ordinance making it unlawful to pay the charges of a hackman as fixed by ordinance is valid. Bray v. State, 140 Ala. 37. An ordinance making it unlawful to sell street car transfers is valid. Ex parte Lorenzen, 128 Cal. 431; Chicago v. Openheim, 229 Ill. 313. The contracts of the operators of public utilities are subject to control by penal statutes. State v. Railroad, 242 Mo. 339.

BLAIR, J.—This appeal comes from the criminal court of Jackson County, wherein, on appeal from the municipal court of Kansas City, appellant was fined five dollars for an alleged violation of a section of an ordinance of Kansas City, reading thus:          •

"Sec. 1. That any person who shall hire a horse-drawn or power-propelled vehicle, whether carriage, buggy, wagon, automobile or taxicab, for the purpose of riding therein or transporting any goods, wares or merchandise, and shall refuse to pay the agreed price, or the reasonable price therefor, or the rate therefor as fixed by any ordinance of Kansas City, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than one dollar nor more than five hundred dollars."

The remainder of the ordinance prescribed rates and regulations for automobiles used for carrying passengers for hire.

Commitment for failure to pay the fine is part of the judgment in this case.

This proceeding grew out of appellant's failure to pay $15.40, claimed for the use of an automobile in which he rode. Let it be assumed the amount was correct and that appellant refused to pay. The principal question counsel discuss is whether the ordinance is valid when tested by the provision of section 16, article 2 of the State Constitution, which forbids imprisonment for debt.

A fine assessed for the infraction of a valid city ordinance is not within the prohibition mentioned. [St. Louis v. Sternberg, 69 Mo. 302, 303.] Is this ordinance valid? It is true it gives the unpaid owner of the vehicle no recovery under it, yet it does make the mere failure to pay an offense punishable by imprisonment. The obligation to pay arose out of a contract (Lemon v. Chanslor, 68 Mo. 1. c. 353) and is strictly within the meaning of the word "debt" as used in the constitutional provision forbidding imprisonment therefor. It cannot be admitted that the constitutional prohibition may be evaded by the device of declaring a simple breach of contract a crime unless it is to be conceded that city councils and the Legislature are not restricted at all. [Bailey v. Alabama, 219 U. S. 1. c. 242.]

Upon this question, the Supreme Court of Washington said: "Imprisonment for debt is abhorrent to the spirit of free government, and is not to be tolerated under the form of penal statutes." [In re Milecke, 52 Wash. l. c. 315.] The same principle was approved in State v. Paint Rock Coal & Coke Co., 92 Tenn. l. c. 83, 84. In Lamar v. Prosser, 121 Ga. l. c. 154, the Supreme Court of Georgia, discussing the same proposition, said: "The General Assembly of this State cannot, under the guise of a statute creating a criminal offense, imprison one who has failed to pay a debt."

In this case the ordinance did not require, nor did the evidence tend toward, proof of fraud in the procurement and use of the vehicle. It is hardly disputable that the chauffeur knew appellant had no money with him when accepted as a passenger. The ordinance constitutes an effort to do indirectly what the Constitution declares shall not be directly done, and is, therefore, invalid. [State ex rel. v. Neosho, 203 Mo. l. c. 72, 73.]

It is contended the ordinance falls within the police power. "The police power cannot be made a cloak under which to overthrow or disregard constitutional rights." [State v. Railroad, 242 Mo. l. c. 356.] This is settled doctrine.

The case of Bray v. State, 140 Ala. 172, involved an ordinance punishing the failure to pay hack hire. While the court held the ordinance valid, it did not discuss the provision of the Alabama Constitution prohibiting imprisonment for debt except to hold that "fines, forfeitures, mulcts," etc., were not debts within its meaning. It did declare the passage of the ordinance within the council's legislative power as a police regulation, but did not argue the matter, and cited as authority a case holding city councils had power to regulate markets and require certain businesses to be transacted therein. The views of that court upon the particular justification, in the police power, of the ordinance it was considering are not given in detail in the opinion. The ordinance is not set out in full, and what it may have required, if anything, in respect of proof of fraud does not appear. In these circumstances we are

not inclined to consider it as an authority supporting the city's contention in this case.

It is urged the fact the taxicab company was a common carrier ought to induce a different conclusion. There is no direct proof supporting the fact assumed. The taxicab company is in no wise at the mercy of its patrons. It may require payment in advance if it so desires and thus protect itself. Regulations may be imposed upon patrons of carriers and fines may be assessed for their violation, but such regulations must accord with applicable constitutional provisions. Further, the ordinance is not limited to common carriers, but applies, by its terms, to every horse-drawn or power-propelled vehicle hired for the conveyance of goods or passengers. Again, it is not confined to licensed vehicles, as was the ordinance in Bray v. State, supra. The judgment is reversed. *Graves, Walker, Faris* and *Revelle, JJ.,* concur; *Woodson, C. J.,* concurs in the result; *Bond, J.,* dissents.