IN THE MATTER OF THE APPLICATION OF TALBOT A. FOWLER FOR WRIT OF HABEAS CORPUS.

Kansas City Court of Appeals.   May 25, 1925.

*Corpus Juris-Cyc References: Contempt, 13CJ, p. 88, n. 72; **Habeas Corpus,** 29CJ, p. 153, n. 52; p. 169, n. 64.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for petitioner.

*Cooper & Neel* for respondent.

Original Proceeding.

BLAND, J.—This is an original proceeding in *habeas corpus*. The petition for the writ alleges that the petitioner is unlawfully deprived of his liberty by the sheriff of Jackson county, Missouri, by virtue of an order made by the judge of the probate court of that county, purporting to commit the petitioner to the county jail until he should pay the sum of $4512.94 to Ben R. Estill, Administrator *Pendente Lite* of the Estate of Leavenworth Fowler, deceased. It is alleged that the order of the probate court was void as being contrary to section 16 of article II of the Constitution of Missouri prohibiting imprisonment for debt except for the non-payment of fines and penalties imposed for violation of law and that petitioner is not imprisoned for any of the excepted matters. A copy of the commitment is attached to the petition.

The return of the sheriff admits that he has the custody of the petitioner and alleges that the latter is detained under a commitment issued by the probate court of Jackson county, Missouri, a copy of which is attached. There are no other pleadings in the case. The copies of the commitment attached to the petition and to the return are identical. The commitment shows that the petitioner was committed on March 19, 1925, for contempt of court; that on that day an order was entered by the probate court of Jackson county, Missouri, finding that the petitioner "has in his possession or under his control the sum of four thousand, five hundred twelve and 94/100 ($4512.94) dollars in money, belonging to the said estate of Leavenworth Fowler, deceased, and ordering and requiring said T. A. Fowler to deliver and turn over to Ben R. Estill, Administrator *Pendente Lite* of said estate said sum . . . on or before March 2, 1925, or show good and sufficient cause why he should not do so." That "the said T. A. Fowler has refused and still refuses to comply with said order by failing to show good and sufficient cause why he should not deliver and turn over to said Ben R. Estill, Administrator *Pendente Lite* said $4512.94." The commitment further recites that said refusal "constitutes a wilful contempt of this court," and it was commanded therein that the sheriff of Jackson county, Missouri, commit the petitioner to the county jail of Jackson county, Missouri, there to remain until said sum of $4512.94 should be delivered and turned over to said administrator.

It is difficult to pass upon this case for the reason that it is apparent that the petition fails to state all the facts concerning the imprisonment and restraint and the true cause thereof, as provided by section 1877, Revised Statutes 1919. The petition does not allege the character of the proceeding in the probate court out of which the order for the payment of the money grew. For this reason we would be justified in dismissing the writ. [State ex rel. v. Dobson, 135 Mo. 1.] Under the provisions of sections 62 to 65, Revised Statutes 1919, providing for the discovery of assets belonging to an estate of a deceased, it is provided that if one is found to have certain assets of the estate in his possession, including money (In re Estate of Huffman, 132 Mo. App. 44; Dameron's Admr. v. Dameron, 19 Mo. 317), "the court shall compel delivery of the property detained by attachment of his person for contempt and the court shall commit him to jail until he complies with the order of the court." Petitioner attacks the constitutionality of this statute.

At the hearing of this case in this court we were informed that the money in controversy came into the hands of the petitioner while he was executor of the will of Leavenworth Fowler, deceased; that said will left deceased's property to petitioner and his wife; that a suit having been brought to set aside the will of deceased on the ground of undue influence on the part of the petitioner and his wife, and want of mental capacity of the testator, the probate court removed the petitioner and appointed said Ben R. Estill, Administrator *Pendente Lite*. Over the objection of the respondent, the petitioner was permitted to testify that he did not have the money in controversy in his possession at the time the order was made for him to turn it over to the administrator *pendente lite*, or at this time, or any money of his own which could be used to pay said administrator *pendente lite*. He testified that while executor he paid out this money to claimants against the estate without any claims being filed in the probate court and which that court never ordered to be paid; that $1000 of the money had been paid on the debts of the petitioner. This testimony was heard subject to the objection of the respondent and a ruling upon it was reserved. Respondent's evidence shows that the petitioner at no time prior to the commitment assigned such a reason for failure to turn over the money to the administrator *pendente lite* but flat-footedly refused to do so.

The testimony of the petitioner that he did not have the money to turn over to the administrator *pendente lite* cannot be considered for the reason that to do so would contradict the record of the probate court reciting that at the time the order was made the petitioner had "*in his possession or under his control* the sum of $4512.94 in money belonging to said estate of Leavenworth Fowler, deceased." Where the petitioner is restrained by reason of having been committed for civil contempt by a court legally constituted, "no inquiry into the

regularity of the proceeding which resulted in a judgment can be had.'' [Section 1910, R. S. 1919; In re Harry Truman, 44 Mo. 181, 185; Stoner v. State of Missouri, 4 Mo. 614; State ex rel. Dobson, supra.] The case of In re Howell and Ewing, 273 Mo. 96, cited by the petitioner, involved a criminal or direct contempt. In the case at bar no criminal contempt is in issue but merely a civil contempt. [Limerick v. Riback, 204 Mo. App. 321, 324.] Whether a direct contempt is involved we need not say for even in a criminal or direct contempt the truth of the findings upon which the judgment is based must be denied by the petitioner in his pleading. [In re Howell and Ewing, supra, l. c. 110.] No such denial is made in the petition for the writ of *habeas corpus* in the case at bar.

The petitioner is not restrained in violation of section 16 of article II of the Constitution of Missouri prohibiting imprisonment for debt. This provision of the Constitution applies to judgments for the mere payment of money (see Coughlin v. Ehlert, 39 Mo. 285; Francis v. Francis, 192 Mo. App. 710; Ex parte Crenshaw, 80 Mo. 447; Kansas City v. Pengilley, 269 Mo. 59.), and not for the turning over of specific money in the possession or control of another. It was stated in Roberts v. Stone, 18 Mo. 481, 484:

''It would seem that a sequestration, merely to compel the payment of money, cannot show issue, as imprisonment for debt is abolished. As process against the body, for the nonpayment of a debt, cannot now issue, there would be no means of putting a party in contempt. These remarks are only intended for decrees for the mere payment of money. When the decree is for the performance of acts within the power of a party, he may be compelled by sequestration. Such a process may have been proper, *if it had been shown that Stoner had the money in his possession and refused to deliver it up.*'' (Italics ours.)

It was said in In re Frederick Knaup, 144 Mo. 653, 667, 668:

''The right to punish for contempt, disobedience to all lawful mandates of a court, is not a mere formal incident to a court, but an inherent power essential to the very existence of a court of record, and granted as a necessary incident in establishing a tribunal as such, the absence of which power in a court would render lifeless and practically ineffectual that great branch of this, as of all governments. Surely, if so essential a power in our courts was to be stricken down, the framers of our Constitution would have chosen more apt words than those contained in section 16 of article II of our present Constitution, providing 'that imprisonment for debt shall not be allowed except for the non-payment of fines and penalties imposed for violation of law.' That is a mere constitutional restriction upon the courts against the enforcement of a given character of judgments against the citizens, but in no sense to be construed as a strike at, or a restriction upon, the exercise of that vital inherent power of the courts to enforce

any and all lawful orders by imprisonment for contemptuous disobedience thereof.'' [See, also, Ex parte Haley, 99 Mo. 150; Ex parte John J. Haley, 37 Mo. App. 562.] From what we have said the attack on the constitutionality of sections 62-65, Revised Statutes 1919, is unfounded.

The writ is quashed and the proceedings dismissed. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.