**STATE of Missouri, Respondent,**

v.

**Roosevelt DAVIS, Jr., Appellant.**

**No. 33741.**

St. Louis Court of Appeals,
Missouri.

Dec. 22, 1970.

---

Thad F. Niemira, St. Louis, for appellant.

Thomas W. Shannon, William H. Knox, James I. Bucher, Gerald L. Birnbaum, St. Louis, for respondent.

DOERNER, Commissioner.

Defendant was convicted in the St. Louis Court of Criminal Correction of failing to provide adequate support for his four children under the ages of sixteen years, in violation of Laws of 1965, p. 669 (renumbered Section 559.353, RSMo, V.A. M.S., by the Revisor of Statutes), and he appeals.

The information was filed on August 18, 1969. The transcript shows that defendant was arraigned on August 22, 1968, at which time he pleaded not guilty and was granted leave to file preliminary motions. The record further shows that when the case was called for trial, on October 28, 1969, pursuant to such leave, defendant filed a written motion to dismiss the information. Defendant alleged therein that he and his former wife, Patricia E. Davis, had been divorced, whereby his common-law and statutory duty to support his children was reduced to judgment by an award of child support, that the statute under which he was charged was unconstitutional in that it authorized the imprisonment of defendant for that debt in violation of Article I, § 11 of the Missouri Constitution, 1945, V.A.M.S., and that his prosecution was a de facto attempt to enforce the civil judgment by use of the criminal process and therefor constituted an attempt to imprison him for debt, in violation of the same provision of the Missouri Constitution. Attached to defendant's motion as an exhibit was a copy of the divorce decree referred to therein which revealed that Mrs. Davis had been granted a divorce from defendant on May 18, 1967, and that the court had granted her an allowance of $12.50 per week for the support of each child. At the conclusion of defendant's counsel's argument in support of the motion the court reserved his ruling on the motion and ordered the trial to proceed. At the conclusion of the testimony, heard by the court without a jury, the case was taken under submission.

On December 15, 1969, while the case was still under submission, defendant filed

his amended motion to dismiss, which he divided into two "Counts." In Count I defendant repeated his claim that the statute under which the information was brought was unconstitutional in that it authorized the imprisonment of defendant for the debt created by the divorce judgment, in violation of Article I, § 11 of the Missouri Constitution; and also repeated his claim that the proceeding against him was a de facto attempt to enforce the civil judgment by use of the criminal process and that it thereby constituted an attempt to imprison him for debt, in violation of the same provision of the Missouri Constitution. In "Count II" defendant moved to dismiss the information filed against him on the ground that the information and the statute under which it was brought are unconstitutional in that they violate the equal protection of the laws provision of the Fourteenth Amendment to the Constitution of the United States.

The court overruled defendant's amended motion to dismiss on December 30, 1969, and on the same day found defendant guilty and sentenced him to six months in the city workhouse. Defendant filed a motion for a new trial in which he preserved his contentions that the statute and his prosecution thereunder contravened the stated provisions of both the State and Federal Constitutions. And in his brief in this court defendant has adequately covered the same points, together with other issues not raised in his amended motion to dismiss or in his motion for a new trial.

 At the outset of our consideration of this appeal we are confronted with the question of our jurisdiction to entertain the same because of the constitutional issues raised by defendant, of which, of course, the Supreme Court has exclusive jurisdiction if they have been properly raised and preserved. Article V, § 3, Missouri Constitution 1945. The test to be applied in the determination of whether a constitutional issue has been properly raised and preserved for appellate review is that stated in Magenheim v. Board of

Education of School District of Riverview Gardens, Mo., 340 S.W.2d 619, 621, where it was said:

"To preserve a constitutional question for review here it must be raised at the first opportunity; the sections of the Constitution claimed to have been violated must be specified; the point must be preserved in the motion for new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., Banc, 358 Mo. 1221, 219 S.W.2d 372, 376[6]; Record Newspaper Co. v. Industrial Comm. of Mo., Mo., 340 S.W.2d 613; Baker v. Baker, Mo.App., 274 S. W.2d 322, 325[6]."

Defendant's attack on the constitutionality of § 559.353, under which he was charged, was raised by his motion and his amended motion to dismiss, filed (in effect) on the day he was arraigned and pleaded not guilty. Certainly his before-trial motion, as provided for by Criminal Rules 25.05, 25.-06, V.A.M.R., was more timely than that made in University City v. Diveley Auto Body Co., Mo., 417 S.W.2d 107, 109, where the Supreme Court held a motion to dismiss was timely although no challenge of the constitutionality of the ordinance was raised in the municipal court and the first attack made in the trial in the circuit court came at the close of the plaintiff's case. The sections of both the State and Federal Constitutions claimed to have been violated were specified in defendant's amended motion to dismiss; he preserved his constitutional grounds of complaint in his motion for a new trial; and, as stated, he has adequately covered them in his brief filed in this court.

So far as our research has disclosed neither § 559.353 nor the comparable statute which it repealed, § 559.350, RSMo 1959, V.A.M.S., have been the subject of review by our Supreme Court as to their constitutionality. An attempt to do so, on an unrelated ground, was made in State v. Brown, Mo.App., 446 S.W.2d 498, but was held to have been an after-thought and un-

timely since the constitutional issue was first raised in the briefs filed in this court.

We entertain little doubt as to the merits of the constitutional issues raised by defendant. (But compare Kansas City v. Pengilley, 269 Mo. 59, 189 S.W. 380 with State v. Taylor, 335 Mo. 460, 73 S.W.2d 378.) However, our views as to the merits, or lack thereof, as to such issues are immaterial. Indeed, in University City v. Diveley Auto Body Co., Mo., 417 S.W.2d 107, 109, the Supreme Court said that, "* * * jurisdiction of the appeal remains in this court even though the constitutional question is in fact without merit or unnecessary to a disposition of the cause. * * *" The initial and decisive question here is that of our jurisdiction, and it has been our established policy of resolving all doubts on that score against our own jurisdiction. City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275; Dillen v. Edwards, Mo.App., 254 S.W.2d 44; Chapman v. Schearf, Mo.App., 220 S.W.2d 757.

Accordingly, the cause is transferred to the Supreme Court of Missouri.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, cause transferred to Supreme Court of Missouri.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.