INTERNATIONAL MOTOR COMPANY, INC., Plaintiff–Respondent–Cross–Appellant,

v.

BOGHOSIAN MOTOR COMPANY, INC., and Paul A. Boghosian, Defendants–Appellants.

Nos. 66772, 66832 and 67333.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 4, 1996.

Application to Transfer Denied Feb. 20, 1996.

David L. Campbell, St. Louis, for appellant.

Thomas G. Berndsen, St. Louis, for respondent.

**6**

DOWD, Judge.

This is the third time this case has come before us. Initially, International Motor Company, Inc. (IMC) filed a two-count petition for permanent injunction with the circuit court seeking in Count I to compel the certificates of title of eight automobiles to be transferred to IMC and in Count II the return of two automobiles (a Jaguar and a Mercedes Benz) IMC allowed Paul Boghosian to use while he was in its employ. Following a hearing, the court entered an order requiring "defendants [to] perform any and all necessary acts, if any, to cause the transfer of title...." and further ordered Defendants to pay IMC's attorney fees. When Boghosian subsequently caused the Mercedes Benz to be sold to a third party, IMC moved to hold Defendants in contempt. The court found Boghosian in contempt until he purged the contempt by paying Plaintiff $54,-099.50 (the price IMC paid for the Mercedes plus interest). Boghosian appealed this ruling and we reversed. *See International Motor v. Boghosian Motor,* 870 S.W.2d 843 (Mo. App.E.D.1993) (a more detailed recitation of the preceding facts may be found in this opinion). We held commitment of Boghosian for contempt for his failure to pay $54,099.50 to IMC was inappropriate because the court's order had not required Boghosian to make a payment. We remanded the cause "to the trial court to make findings on whether a compensatory fine should be levied against defendant and, if so, the amount thereof and to enter judgment accordingly." *Id.* at 851.

On the April 20, 1994 remand, the circuit court levied a $61,956.53 compensatory fine against Boghosian. Boghosian appealed this ruling and we affirmed it. *See International Motor v. Boghosian Motor,* 897 S.W.2d 97 (Mo.App.E.D.1995). Boghosian, however, failed to pay IMC the compensatory fine. On May 13, 1994, IMC initiated a second contempt proceeding against Defendants. A show cause order was entered by the court and served upon Boghosian. An attorney for Boghosian entered an appearance, and the matter was continued several times at his request or consent. Boghosian did not file an answer or any affirmative defenses to the contempt petition.

At the contempt hearing, Boghosian alleged for the first time an inability to pay the compensatory fine. He made an offer of proof with his tax returns indicating he had not reported any income during the previous three years.

The court held Boghosian in contempt. The court found that Boghosian had not introduced sufficient evidence to prove that he was unable to pay the fine. The court ordered Boghosian to be incarcerated until he purged the contempt by paying the balance of the compensatory fine. The execution of this judgment was stayed two weeks to provide Boghosian another opportunity to pay the fine. After Boghosian failed to satisfy the fine during this two-week period, he was incarcerated and subsequently released on his own recognizance to file this appeal.

Related to the two-count petition for permanent injunction, IMC filed an August 26, 1992 "Second Amended Petition," which became Cause No. 577568. This petition was whittled down through various voluntary dismissals to name Boghosian Motor Company, Inc., and Paul Boghosian, as Defendants. It concerned IMC's loss of the Jaguar. Without IMC's knowledge, Paul Boghosian took the Jaguar at the end of his employment, and IMC reported the car to its insurance carrier as stolen. IMC's insurance carrier issued IMC a $40,103.67 check as payment on the loss of the Jaguar. IMC transferred title of the vehicle to the insurance carrier and also assigned its interest in any claims arising from the loss of the Jaguar to the insurance carrier.[1] In Count I, IMC sought recovery of damages resulting from its loss of the Jaguar including "the deterioration in the value of the ... Jaguar, carrying costs and interest and other collateral costs, including attorneys' fees,...." Count IV was an action for misappropriation, waste and mismanagement of the Jaguar and sought an additional $500,000 in punitive damages.

On July 20, 1994, Boghosian and Boghosian Motor Company, Inc., moved to dismiss Counts I and IV. As grounds for the dis-

1. Boghosian later returned the Jaguar to IMC's  insurance carrier.

missal, Defendants claimed IMC was not a real party in interest in that it was not the owner of the Jaguar and had assigned its claims to its insurance carrier. Defendants further asserted IMC had suffered no actual harm in that it had been compensated by its insurance carrier. The circuit court sustained this motion and dismissed Counts I and IV.

Boghosian Motor Company, Inc., and Paul Boghosian had also filed an action against IMC and Wade and Sylvia Fuchs (as alter egos of IMC). This March 17, 1993 petition was initially filed as Cause No. 648500 but was subsequently consolidated with IMC's "Second Amended Petition" Cause No. 577568. The petition set out seven causes of action concerning, *inter alia*, equipment of Boghosian Motor Company, Inc., held by IMC,[2] various transactions between IMC and petitioners, and matters relating to Boghosian's employment with IMC. Each of these causes of action were distinct from IMC's actions against the petitioners. These causes were not answers to or affirmative defenses to IMC's claims.

IMC filed a motion to dismiss Boghosian and Boghosian Motor Company, Inc.'s, petition. IMC noted Boghosian's various refusals to comply with court orders stemming from IMC's petition for injunction. IMC also noted Boghosian Motor Company, Inc.'s, failure to pay $5000 for attorney fees awarded to IMC when the court made its order to transfer the automobile titles. The motion concluded:

> Defendants have forfeited their right to seek affirmative relief against plaintiffs and, as a matter of law, are precluded from seeking such relief in that the Defendants have repeatedly and continuously violated specific orders of this Court.
>
> WHEREFORE, Plaintiffs respectfully request this Court to enter its Order dismissing and striking with prejudice all of Defendants' claims and causes of action herein against Plaintiff. . . .

**2.** Boghosian and Boghosian Motor Corporation, Inc., voluntarily dismissed Count I concerning

The circuit court sustained this motion and dismissed Boghosian and Boghosian Motor Company, Inc.'s, petition.

■ We begin with Boghosian and Boghosian Motor Company, Inc.'s, contention that the circuit court erred in dismissing its actions against IMC and the Fuchses. Section 510.140, RSMo 1994, and Rule 67.03 authorizes a court to dismiss a party's cause of action for failure of that party to obey a court order. Our review of such a dismissal is limited to an abuse of discretion standard. *Staples v. Staples*, 895 S.W.2d 265, 266 (Mo. App.E.D.1995). Dismissing an action is a "drastic punishment and should not be invoked save in those cases where the actions of the party show a deliberate and contumacious disregard for the authority of the court." *In re M*, 446 S.W.2d 508, 513 (Mo. App.1969).

■ In *Staples, supra*, we found no abuse of discretion in the trial court's dismissal of a husband's motion to modify a maintenance order where he was in violation of that order. "The order with which Husband failed to comply is the very order he is seeking to modify." *Id.* 895 S.W.2d at 267.

Here, there is no such similar nexus between the order violated by Boghosian and the actions dismissed by the court. The order Boghosian is in violation of stems from a proceeding to adjudicate the possession and ownership of various automobiles. The dismissed actions are independent of the order and proceedings giving rise to the order. While we disdain any contumacious disregard of court orders by Boghosian, it was an abuse of the trial court's discretion to render the severe punishment of dismissal where there was no nexus between the order violated and the actions dismissed. *See id.* at 267. We must reverse the court's judgment and remand for further proceedings.

■ Boghosian also appeals the judgment holding him in contempt for failing to pay the compensatory fine levied against him by court order. He raises five arguments asserting this judgment was "in excess of the

possession of equipment.

trial court's jurisdiction...." A critical distinction Boghosian's arguments fail to recognize is that he was not found in contempt for failure to pay a money judgment, rather his contempt was for failing to obey a valid court order requiring the payment of a compensatory fine. A vital and inherent power of the courts is the power to enforce any and all lawful orders by imprisonment for contemptuous disobedience thereof. *Zeitinger v. Mitchell*, 244 S.W.2d 91, 97 (Mo.1951) (quoting *In re Knaup*, 144 Mo. 653, 46 S.W. 151, 154 (1898)).

> Even where the violation of the order is the failure to pay over money for the recovery of which a judgment has been entered on which an execution may issue, if the order is one which the court could lawfully make, the imprisonment is not for the failure to pay the debt, but because of the failure to obey a lawful order of the court which constitutes contempt of the court. The court under such circumstances has the power to coerce obedience to its orders.

*Id.* 244 S.W.2d at 98 (quoting *In re Clift's Estate*, 108 Utah 336, 159 P.2d 872, 876 (1945)). Boghosian's statutory and constitutional arguments are meritless. Similarly, we find Boghosian's remaining arguments without merit. Point denied.

■ Finally, IMC cross-appeals from the court's order dismissing its causes of action relating to the Jaguar. IMC received $40,-103.67 from its insurer for "total loss" of the Jaguar. IMC transferred title of the Jaguar to the insurer. Thus, IMC is no longer the owner of the vehicle. Furthermore, IMC assigned "all rights and causes of action [it] has against any person, persons or corporation whomsoever for damage arising out of or incident to [ ] loss or damage" of the Jaguar to its insurance carrier. The motion to dismiss sustained by the court asserted IMC was not a real party in interest, had assigned any right to bring action on the Jaguar, and had suffered no actual harm. We find no error by the court in dismissing IMC's action. *See Ewing v. Pugh*, 420 S.W.2d 14, 15–17 (Mo.App.1967). Point denied.

We vacate the court's order dismissing Boghosian and Boghosian Motor, Inc.'s, ac-

tions and remand for further proceedings. We affirm in all other respects.

CRAHAN, P.J., and CRANDALL, J., concur.