## L. A. BRISTOL v. J. H. & S. T. PEARSON.

### *Contempt, Practice in Proceeding for.*

A decree was entered directing a trustee to disburse certain funds amongst creditors, one of whom, on behalf of himself and other creditors, obtained an order attaching the trustee for contempt in refusing to obey the directions of the Court, from which the trustee appealed; pending the appeal, the moving creditor made an application to be allowed to abandon his motion, the counsel representing him also representing the other creditors: *Held*, (1) that the application to withdraw the proceeding on the contempt was improperly made in the Court below while appeal was pending; (2) that being renewed in the Supreme Court it would be allowed as to that creditor, but the other creditors being parties to the proceeding, and not joining in the application to withdraw, the appeal would be retained as to them; (3) that the attachment for contempt was the proper remedy to compel obedience to the order of the Court.

MOTION to attach appellant plaintiff for contempt, heard at Spring Term, 1891, of BURKE Superior Court, *Hoke, J.,* presiding.

The plaintiff, as assignee of certain property conveyed to him for the benefit of creditors named in the deed of trust, brought this action to have the property subject to the trust sold, and the proceeds of the sale thereof applied to the payment of debts of the creditors, according to their respective rights, etc , with the sanction and by the order of the Court, etc.   In the course of the action, the Court entered its decree directing a distribution of the fund in the hands of the plaintiff trustee to the parties therein specified.

Thereafter John A. Dickson, one of the defendant creditors, gave notice to the plaintiff of a motion to be made in the action to attach him for contempt of Court in that he had disobeyed the order of the Court, etc.   The motion was afterwards made, and the following is so much of the affidavit offered and considered by the Court in support of the same as need be reported :

3. That it was ordered by the Court that the said L. A. Bristol, assignee, pay over one-half of the proceeds of sale of said specified property to J. H. and S. T. Pearson, and apply the remainder of said sum to the parties whose names are specified and mentioned in the report of G. P. Erwin, referee, filed in said cause.   That notwithstanding the order of the Court, the said L. A. Bristol, assignee, in contempt of Court, and in defiance of the advice of counsel,.paid over to the said J. H. and S. T. Pearson the sum of twenty-one hundred and ninety-six dollars, when he should have paid him only the sum of seventeen hundred (less their part of the cost), and his doing so has prevented the other creditors, who should have received their *pro rata* share of said fund, from being paid, as the order and decree of the Court directed. Wherefore, the other creditors, whose names are specified in said report of said referee, pray the Court that the said L. A.

Bristol, assignee, be attached for contempt of Court, and ordered and directed to distribute the fund received by him in accordance with the former decrees in this action.

The Court having found the facts of the matter, "being of opinion that the payment, as made by the assignee (the plaintiff), was in wilful disobedience of the decree of the Superior Court heretofore made, gave judgment attaching the assignee as for contempt," and the plaintiff, having excepted, appealed to this Court.

Pending the appeal in this Court the said Dickson, who made the affidavit to support the motion to attach the plaintiff, moved in the Court below to be allowed to withdraw and abandon the motion to attach, and his motion was there allowed, and a transcript of the record thereof was presented here at the time the appeal was called for argument, and, also, a motion was made here to allow him to withdraw and abandon his motion.

*Messrs. J. T. Perkins* and *John Devereux, Jr.,* for plaintiff.
*Mr. S. J. Ervin,* for defendant.

MERRIMON, C. J.—after stating the case: After the appeal was taken, bringing the whole matter of the motion into this Court, it was irregular and improper to make the motion in the Court below to withdraw and abandon the motion to attach, because the appeal brought the same here until it should be disposed of in some appropriate way. The Court below did not have such control of the matter as to make an effectual disposition of it.

The application of the defendant appellee John A. Dickson to be allowed to abandon the motion to attach the plaintiff must be allowed, and an entry to that effect made in the Court below. But this allowance cannot affect the motion as to other intended creditors, because the motion was applied for and allowed at the instance of and for the benefit of the

others as well as his. They were parties to the action, and the notice of the motion was signed by Dickson " for himself and other creditors," and the affidavit in support of the motion purported expressly to be for their benefit. Moreover, the counsel who made the motion represented all the interested creditors, and no one of them made any suggestion or opposition to it. Thus they being before the Court and so represented by counsel, were at once parties to and participating in the motion for their benefit; they were subject to the order of the Court in that respect and concluded by its order, and they were as well liable for costs. The motion was made at their instance and for their benefit as well as the same for Dickson. The affidavit made by the latter was sufficient to serve the common purpose of all the interested creditors. Who they were was shown by the record, and that was a sufficient designation of them in connection with the motion. So that the appeal must be disposed of upon its merits, in the absence of a motion of the appellant to dismiss or withdraw it.

It was found as a fact and admitted, as appears from the case settled on appeal, that the plaintiff assignee had intentionally and wilfully disbursed the funds in his hands wherewith he was charged otherwise than as by the decree and express order of the Court. Obviously, the Court had authority to enforce its orders, decrees and judgment by attachment, when the parties complained of were before it. It is a legitimate and approved method of enforcing its orders, as well as the order of and respect due the Court. *In re Davies,.* 81 N. C, 72; *Bond* v. *Bond,* 69 N. C., 97; *Thompson* v. *Onley,.* 96 N. C., 9; *In re Patterson,* 99 N. C., 407.

Affirmed.