EDWARD P. JASTRAM *vs.* AMELIA B. McAUSLAN *et al.*

JANUARY 4, 1909.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)　*Civil Contempts.*

A decree of the Superior Court, denying a petition to adjudge a party in contempt for not paying money in accordance with a decree theretofore entered in the cause, is a final decree from which an appeal will lie to the Supreme Court under the grant of "final revisory and appellate jurisdiction upon all questions of law and equity" by section 1 of article XII of amendments to the constitution.

(2)　*Equity. Contempt. Execution.*

Equity may punish by contempt for violation of its decrees, although execution might also have issued.

(3)　*Civil Contempts. Appeal.*

A decree for payment of money may be enforced in chancery proceedings for contempt.

(4)　*Effect of Decree Ordering Payment by Trustees.*

Where a decree directed trustees to pay to complainant a sum, which was specifically declared to be dividends and income from the trust estate, which had been theretofore received by the trustees, there was no limitation to a payment out of the trust estate only, and the duty of the trustees to comply with the decree was not affected by the fact that they may have devoted the money to other purposes, and in such case they are required to make restitution from their individual estates.

(5)　*Effect of Decree Framed by Supreme Court.*

A decree framed by the Supreme Court, which the Superior Court is directed to enter, as framed, is in effect the decree of the Supreme Court.

EQUITY. Heard on appeal from decree of Superior Court denying complainant's petition seeking to adjudge respondent trustees in contempt. Appeal sustained.

BLODGETT, J. From a decree entered in the Superior Court, denying and dismissing the complainant's petition that the respondent trustees be adjudged in contempt for not paying to the complainant the sum of $11,732.80, together with interest at the rate of six per cent. on the sum of $3,302.90, from March 13, 1907, to the date of satisfaction of the decree heretofore entered in this cause on April 1, 1908, the complainant has appealed to this court.

The respondents have moved to dismiss the appeal on the

ground that no appeal lies in such case, and, saving their rights under that motion, contend that they are not in contempt of the decree aforesaid.

The motion to dismiss the appeal must be denied. The distinction between criminal contempts and those which are civil in their nature is well settled. And it is well settled, also, that an appeal will lie in the latter class of cases. *Bessette* v. *W. B. Conkey Co.*, 194 U. S. 324.

Thus, in *Romeyn* v. *Caplis*, 17 Mich. 449, 454, 455, it is said of an order adjudging a respondent in contempt for the violation of an injunction: "It has been contended before us that the order in this case was not one from which an appeal could be taken since the appellee did not claim than (that) an actual loss or injury had been produced to the party by the misconduct alleged, and did not ask for any sum to indemnify him. I think that this position cannot be sustained. . . . The order complained of was final and not merely a step in the course of proceeding contemplating further action by the court in relation to the same matter; and it belonged to that class of proceedings. which are provided to secure obedience to the necessary processes of courts in civil cases. . . . The right of appeal in similar cases has long-been recognized and sanctioned elsewhere, and the necessity therefor will not be denied."

See also *City of Newport* v. *Newport Light Co.*, 92 Ky. 445, affirmed in *Nienaber et al.* v. *Tarvin*, 104 Ky. 149, 157; *State* v. *Leftwich*, 41 Minn. 42; *Ballston Spa Bank* v. *Marine Bank of Milwaukee*, 18 Wis. 515; *People* v. *Simonson*, 9 Mich. 492; *Hundhausen* v. *U. S. Marine Fire Ins. Co. et al.*, 61 Tenn. 702; *In re Day*, 34 Wis. 638; *In re Milburn*, 59 Wis. 24; *Baldwin* v. *Miles*, 58 Conn. 496; *State* v. *Horner*, 16 Mo. App. 191–195, *et sec.*

(3)    That a decree for the payment of money may be enforced in chancery proceedings for contempt has long been settled. Thus, *In re Meggett*, 105 Wis. 291, it is said, in a case where a mortgagor, after foreclosure, had collected rents in violation of an injunction, and was ordered to repay them: "The court having exercised its jurisdiction and its discretion upon the facts so presented, and having ordered immediate payment of

the money, had it not power to either punish non-payment or compel payment by commitment for contempt? Such power has always been deemed inherent in courts of equity, as essential to the enforcement of their decisions. Indeed, it was anciently their only weapon for enforcing their commands." And the power thus exercised is held not to be imprisonment for debt, but is thus defined (p. 298): "It is the exercise of the contempt power inherent in courts of equity to re-establish a *status quo* wrongfully disturbed. The punishment inflicted, even in civil contempts, where indemnity to another party is the dominant purpose, nevertheless rests upon the power of the court to vindicate its own authority, and to punish for defiance thereof, but to adjust that punishment so as to protect or enforce private rights." See also *Richardson* v. *Jones*, 3 Gill & Johns. 163, p. 185, *et seq* (1831); *Lester* v. *People*, 150 Ill. pp. 420–425; *Bristol* v. *Pearson*, 109 N. C. 718. And this may (2) be done, although execution might also have issued. *Hall et al.* v. *Dana*, 2 Aik. 381; *Brockway* v. *Copp*, 2 Paige Ch. 578.

(1)     For this purpose the decree of the Superior Court denying and dismissing the petition may well be held to be a final decree, inasmuch as it determines the right of the petitioner in the premises; and the broad grant of "final revisory and appellate jurisdiction upon all questions of law and equity," granted to this court by section 1 of article XII of amendments to the constitution, may well be invoked in such a case.

(4)     The respondents urged in the court below, and still maintain that contention in this court, that under the language of the decree of April 1, 1908, they were only required to pay from the trust funds in their hands the amount aforesaid, and the Superior Court adopted this construction and dismissed the petition. Here there was error. The amount so required to be paid is specifically declared to be dividends and income from the trust estate which had heretofore been received by the respondents as trustees and to which the complainant is entitled. There is no limitation of language here to a payment out of the trust estate only; nor, indeed, should such a limitation have been in the decree. The respondents are found to have collected, as trustees, income of the trust estate belonging

to the complainant, and this, in contemplation of law, they should pay him on demand; but the duty to pay the complainant dividends and income of the estate which they have collected is in no wise to be prejudiced by the fact that the respondents may have devoted the complainant's property to other purposes. If they have done so, they must reimburse him from their individual estates, and can not be heard to claim that they have none of the trust income now available therefor.

(5)    It is proper to observe that the decree of April 1, 1908, was framed by this court, and that the Superior Court was directed to enter it as thus framed. In effect, therefore, the decree in question is the decree of this court.

The appeal is accordingly sustained, the decree of the Superior Court dismissing the petition is reversed, and the cause is remanded to the Superior Court with direction to enter a decree that the respondents and each of them are adjudged to be in contempt and that they may purge themselves of that contempt by the payment of the amount named in the decree aforesaid, with interest thereon from the date of the decree, within sixty days, together with the costs of this application.

*Edwards & Angell,* for complainants. *Albert Gerald,* of counsel.

*Tillinghast & Tillinghast, and Bassett & Raymond,* for respondents. *Russell W. Richmond,* of counsel.