1. CONTEMPT (§ 24*)—REMOVAL OF TRUSTEE—PUNISHMENT FOR CONTEMPT.

The financial inability of a testamentary trustee to obey a decree on his removal for the payment of money is no answer to a motion to punish him for contempt; but the question of his financial inability to comply with the decree must be determined on a motion for his discharge from imprisonment, as provided by Judiciary Law (Consol. Laws 1909, c. 30) § 775.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74; Dec. Dig. § 24.*]

2. CONTEMPT (§ 24*)—REMOVAL OF TRUSTEE—PUNISHMENT FOR CONTEMPT.

A removed trustee is not exempt from imprisonment for contempt in refusing to obey a decree for the payment of money on the ground of financial inability, where he has made no effort to dispose of securities left in his hands to enable him to perform the decree.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74; Dec. Dig. § 24.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judicial settlement of the account of Charles H. Boyer and another, as executors and trustees under the last will and testament of Amelia S. Sherman, deceased, pursuant to decree removing accountants from office. On motion for commitment of trustee for contempt. Granted.

Wingate & Cullen (Conrad Saxe Keyes, of counsel), for People's Trust Co.

Blandy, Mooney & Shipman (Joseph S. Frank, of counsel), for Adele L. Chilvers.

William B. Hurd, Jr., for Charles H. Boyer.

KETCHAM, S. This is a motion for the commitment as for a contempt of a trustee who has been removed and who has been by final decree in accounting charged with the sum of $57,799.32, which he has been directed to pay to his successor in the trust.

[1] The decree is for the payment of money; and the securities in which the trust fund has been improperly maintained have been left in the hands of the removed trustee, in order that they might aid him in raising the moneys with which to satisfy the decree. It is claimed in his behalf that the court may acquit him of contempt, and withhold its warrant of commitment, if it shall be found that he is financially unable, either from his individual estate or from the securities above mentioned, to discharge the duty laid upon him by the decree.

There is some support for the suggestion that the court may, in its discretion, acquit a defaulting trustee of contempt, when it shall appear that, if charged in contempt, he will be able to purge himself by showing actual inability to comply with the decree. Doran v. Dempsey, 1 Bradf. Sur. 490; Cochran v. Ingersoll, 13 Hun, 368; Matter of Battle, 5 Dem. Sur. 447. In each of these cases, and in the decisions therein cited, however, there was something more than mere inability to move the court to compassion; and it is asserted by late and controlling authority that no discretion, if it exists, is to be exercised to relieve the defaulting party solely because of his pecuniary helplessness. Schmohl v. Phillips, 138 App. Div. 279, 122 N. Y. Supp. 974.

In the case last cited, a defendant, commanded by a judgment to remove refuse material that he had placed upon the plaintiff's premises, asserted his financial inability to do the thing commanded, and, on that ground alone, sought to escape a finding of contempt. It was there said:

"The only answer to the motion was defendant's financial inability to comply with its terms. The motion could not be defeated in this way. Whether the defendant should remove the materials referred to and restore the land to the condition in which it was at the time he leased it was finally settled and determined by the judgment, and it could not thereafter be changed or modified, except by an appeal or by an application in a proper action or proceeding to set it aside, or to the justice presiding at the trial to modify it. The order appealed from, in effect, modified the judgment by striking therefrom the provision referred to, since the plaintiff now can obtain no relief under that provision. The general rules of practice, as well as the orderly administration of justice, do not permit a judgment to be destroyed in this

way. The motion should have been granted, and the question of defendant's ability to comply with it determined upon his motion to be discharged from imprisonment as provided in section 775 of the Judiciary Law (Consol. Laws 1909, c. 30; Laws 1909, c. 35). Wheelock v. Noonan, 55 N. Y. Super. Ct. 302; Ryckman v. Ryckman, 34 Hun, 235; Matter of Strong, 111 App. Div. 281 [97 N. Y. Supp. 459], affirmed 186 N. Y. 584 [79 N. E. 1116]."

[2] For the present discussion, no difference is seen between the delinquent defendant in a judgment and the delinquent trustee in a surrogate's decree. But while, if necessary, it would be held that the court is without discretion to determine upon this motion the question of the trustee's ability to conform to the decree, the same result would follow if such discretion were exercised. This trustee is not wholly powerless to obey. He does not remove the probability that, if he should properly and zealously avail himself of resources and opportunities within his reach, he could pay some part of the judgment against him, and thus qualify his attitude of contumacy; nor is it shown that the securities in which the estate was invested, and of which he has the right of disposition, would not, at least in part, discharge his default, if converted into cash. A peculiar form of his recalcitrancy is that he does nothing toward obeying the decree, and would seek to escape the penalty of disobedience upon the pretense that it would do no good if he should try to obey.

The motion must be granted.

Motion granted.