John Eden was appointed guardian of the person and estate of Charles E. Barker, an incompetent, on May 20, 1932. Letters of guardianship were issued to him on the same day. The property of Charles E. Barker consisted of a monthly allowance of $50 paid by the Brotherhood of Locomotive Firemen and Engineers, for the period of his disability. After appointment, the payments were made to John Eden as guardian and are shown in his annual accountings. Eden filed his sixth and final account as guardian on April 26, 1938, and petitioned for approval of distribution and discharge of himself and his bondsmen. He filed therewith an affidavit of Dr. Arthur J. McDowell, a doctor procured by the Brotherhood of Locomotive Firemen and Engineers. The affidavit of the doctor attested Barker to be competent to administer his own affairs.
The final account and petition of Eden, as guardian, came on for hearing on May 11, 1938, and on May 23, 1938, the court entered the following order:
"Ordered that the sixth and final account be, and the same hereby is, approved, allowed and settled, and it is further
"Ordered that the sum of $50.00 is a reasonable sum to be paid said guardian for administering said estate since the last account and the sum of $50.00 is a reasonable sum to be paid the attorney for said guardian as attorney's fees for handling said estate since the last account, and said items are hereby approved and allowed as proper charges against the said estate, and it is
"Ordered that the balance of said estate on hand be paid to the said Charles E. Barker, and it is further
"Ordered that said John Eden is discharged as guardian herein and his bondsmen are hereby discharged and exonerated."
The particular points argued by appellant are four in number, but are argued collectively. He claims that he paid over to his ward the sum shown by the guardian's final *Page 111 
account to be due. There is a sharp conflict in the evidence on this point. The evidence supports plaintiff's claim of nonpayment except for the amount of $50.
Barker's affidavit or application for an order to show cause was answered by Eden and the same issues were made by affidavit and answer and tried as though a suit had been brought on any of the grounds suggested by appellant Eden as a basis to invoke the court's action. In his answer, Eden alleged that he had paid the sum of $386.49 to Charles E. Barker prior to May 24, 1938, which is all the money to which the said Barker is entitled. The trial court found against him.
After a hearing upon the order to show cause, the court found: That on May 29, 1932, Eden, the appellant, was appointed guardian of the estate and qualified as such; that prior to May 23, 1938, he filed his final report and account, upon which a hearing was had on May 23, 1938, following which the court ordered said John Eden, as guardian, to pay the sum of $384.63 to Barker; that Eden had paid only $50 of that amount and that there was due and owing the sum of $390.65, including principal and interest, and assessed the costs of the proceeding against Eden. From that "Judgment On Order To Show Cause," this appeal is taken.
In the case of In re McLaren's Estate, 99 Utah 340,106 P.2d 766, this court held that where issues were properly drawn by appropriate pleadings, although it was not error to proceed to dispose of the contested question, it should be done according to the Code of Civil Procedure. When the affidavit to show cause was filed in the instant case, it was by a ward. Under § 102-13-45, R.S.U. 1933, a ward may invoke the action of the court as there provided:
"Upon complaint made by any guardian, ward or creditor, or other person interested in the estate or having a prospective interest therein as heir or otherwise, against anyone, suspected of having concealed, embezzled or conveyed away any of the money, goods or effects, or an instrument in writing, belonging to the ward or to his estate, the court may cite such suspected person to appear before it, and may examine and proceed with him on such charge in the manner provided *Page 112 
in this title with respect to persons suspected of and charged with concealing or embezzling the effects of a decedent." (Italics added.)
The order and judgment of the District Court is affirmed. Costs to respondent.
LARSON, J., concurs.