## OPENSHAW v. YOUNG, Sheriff.

No. 6674. Decided May 23, 1945. (159 P. 2d 123.)

Rehearing Denied September 7, 1945.

See 39 C. J. S., Habeas Corpus, sec. 89; 25 Am. Jur., 211.

*White, Wright & Arnovitz,* of Salt Lake City, for appellant.

*Harry G. Metos* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

McDONOUGH, Justice.

This is an appeal from an order discharging petitioner from custody of the sheriff of Salt Lake County on writ of habeas corpus. In *Young* v. *Ellett,* 106 Utah 140, 146 P. 2d 196, we issued mandamus to require entry of findings of fact and conclusions of law. The motion to dismiss the appeal of the sheriff has heretofore been denied, 107 Utah 399, 152 P. 2d 84, and the case is now here on its merits.

This proceeding arose out of a divorce case of *Openshaw* v. *Openshaw,* 80 Utah 9, 12 P. 2d 364. See also 102 Utah 22, 126 P. 2d 1068, and 105 Utah 574, 144 P. 2d 528. On application of plaintiff in the divorce suit, the defendant (plaintiff in this proceeding) was cited to appear in the district court and show cause why he should not be punished for contempt for having failed to pay alimony pursuant to the terms of the decree. The Honorable Bryan P. Leverich, district judge, conducted a hearing, and entered findings of fact, conclusions of law, and a judgment. The findings recite defendant's failure to pay alimony, the ownership by him of assets of over $90,000 from which he could have made the required payments; that during "all of this time that alimony was accruing and remaining unpaid, the defendant was, and he now is, the owner" of the described properties of the aforesaid value; that during

said period he had a net income of $500 to $700 per month, "that the defendant has wilfully and contumaciously failed to comply with the terms of the decree of this court requiring payment of alimony installments," and that he "had sufficient funds available to have made payment of the alimony payments falling due and could have paid said sums if he had so desired." The findings also recite that a cashier's check for $4,669 payable to his former wife had been deposited with the clerk of the court to abide the further orders of the court. The conclusions of law recite practically the same words as contained in the judgment. The judgment, omitting the title and the caption, reads as follows:

"The petition and affidavit for an order directing the defendant to show cause why he should not be held in contempt for failure to carry out the order of this court, which petition was filed in this court on the 6th day of January, 1943, coming on regularly for hearing on the 14th day of January, 1943, before the Honorable Bryan P. Leverich, one of the Judges of the above entitled court, and evidence being offered on behalf of the plaintiff and the defendant, and the court being fully advised in the premises, and having made its Findings of Fact and Conclusions of Law,

"It is now therefore ordered, adjudged and decreed as follows: That the defendant has wilfully and contumaciously ignored and failed to comply with the decree of this court requiring payment of alimony. That the defendant shall be held in contempt of court for failing to comply with the order of this court requiring him to pay One Hundred Dollars ($100.00) a month alimony to the plaintiff, which order was dated June 3, 1933. That for this contempt of court the defendant shall be required to serve twenty-five (25) days in the County Jail of Salt Lake County, State of Utah.

"Done in open court this 3rd day of March, 1943.

"Bryan P. Leverich
"District Judge."

A commitment was issued on March 3, 1943, after entry of findings, conclusions and decree, but the commitment as prepared by the clerk of the court recites that on January 28, 1943, which was over 30 days prior to entry of the findings and decree, the court found the defendant in

that case, plaintiff in this proceeding, guilty of contempt, pronounced sentence, and granted stays of execution. The last paragraph of the commitment dated March 3, 1943, recites that bond is fixed in the sum of $500 if the defendant desires to appeal, and commands the sheriff of Salt Lake County to take the said Clarence R. Openshaw and deliver him without delay to the Salt Lake County Jail then and there to be confined and imprisoned in accordance with said commitment. The record discloses that the hearing on the contempt citation was concluded in January and at that time the court did find the defendant in contempt and sentenced him to 25 days in the county jail, but that a stay of execution was granted. No findings were made at that time, but as recited hereinabove, signed findings and judgment were subsequently entered.

When Dr. Openshaw was incarcerated pursuant to the commitment, he filed his petition for writ of habeas corpus, attaching to his petition the copy of the commitment and alleged that the restraint was illegal for the reason that the

"order of commitment is not based upon or supported by any findings of fact or conclusions of law and it does not appear therefrom how or in what manner or at what time or what order petitioner allegedly violated so as to be subject to punishment for contempt,"

and that petitioner

"has complied * * * with all orders of the court duly made and entered in the case of Openshaw v. Openshaw."

The return to the writ filed by the sheriff recites the issuance of a commitment signed by a district judge, and alleges that there has been an adjudication in the case in which findings of fact, conclusions of law and a judgment have been entered, a copy of which are attached to the return. At the hearing evidence was adduced to show that all sums which defendant had defaulted in paying had been paid prior to issuance of the commitment, and that the commitment was not issued until after the entry of findings of fact, conclusions of law and judgment.

Only two questions are presented by this appeal: (1) Was respondent unlawfully held in custody by appellant by reason of the fact that the commitment recites that sentence was pronounced on January 28, 1943; although it was not issued until March 3, 1943, after entry of findings, conclusions and judgment? (2) In the case of wilful failure to pay alimony, may the district court punish the delinquent for a past contempt, or is its power limited to a judgment of imprisonment until compliance with the order of the court? If in such situation the court may punish for a past contempt, was the judgment entered in the contempt proceeding intended as punishment for past conduct?

In resolving the first question, we first note that a commitment is but a certified copy of the entry of the judgment upon the minutes. Sec. 105-37-1, U. C. A. 1943. It is the officer's authority to execute the judgment, Sec. 105-37-1, supra. But the prisoner is detained not by virtue of the commitment, but by reason of the judgment or sentence. *Biddle* v. *Shirley*, 9 Cir., 16 F. 2d 566; *Howard* v. *United States*, 6 Cir., 75 F. 986, 34 L. R. A. 509; *Hill* v. *United States ex rel. Wampler*, 298 U. S. 460, 56 S. Ct. 760, 80 L. Ed. 1283; *Ex parte Ohl*, 59 Nev. 309, 92 P. 2d 976, 95 P. 2d 994; *People ex rel. Trainor* v. *Baker*, 89 N. Y. 460, 461. In the last-cited case the Court of Appeals of New York stated:

"But the relator was not detained or required to be detained by virtue of any warrant. He was detained by virtue of the judgment of the court, and that judgment was a sufficient authority for his detention. The warrant of commitment is simply an authority and direction to the sheriff or other officer to convey the prisoner to the penitentiary. That needs not necessarily to be left with the keeper. If he has no other evidence of his authority to detain the prisoner he should have that. But if the officer who brings a prisoner to the penitentiary furnished the keeper with a certified copy of the judgment of the court, then that is sufficient evidence of the keeper's authority, and he needs to have no other. A prisoner who has been properly and legally sentenced to prison cannot be released simply because there is an imperfection in what is commonly called the

mittimus. A proper mittimus can, if needed, be supplied at any time, and if the prisoner is safely in the proper custody, there is no office for a mittimus to perform."

Hence when the defendant sheriff exhibited to the court not only the commitment but the findings, conclusions and judgment of March 3, 1943, entered before the commitment issued, he showed valid authority for holding the prisoner, notwithstanding the commitment recited that it was by virtue of the judgment pronounced on January 28th that the prisoner was committed.

"The writ of habeas corpus searches the record back of the commitment. It lays a duty on the court to explore the foundations, and pronounce them false or true." *Hill* v. *United States,* supra [298 U. S. 460, 56 S. Ct. 763].

Therefore, assuming for the purposes of this case, but without so deciding hereby, that the sentence pronounced on January 28th was void for lack of findings, nevertheless when the sheriff on March 3d took respondent into custody it was done in pursuance of a valid judgment theretofore duly entered after hearing and adequately supported by findings of fact. And from what has been said hereinabove, the fact that the commitment recites the judgment pronounced in January rather than that entered in March as its foundation, would not show an unlawful imprisonment.

As to the second proposition, an examination of the judgment entered on March 3, 1943, leaves no room for doubt as to the fact that the court was finding defendant in contempt for his past conduct, and that the imprisonment was not designed to coerce him to comply with the order of the court, except, perhaps, as a future reminder. He was not sentenced to jail until he should pay the sums which he had wilfully neglected to pay. He was sentenced to a definite period of 25 days for his contemptuous conduct. Furthermore, the findings and judgment were signed by the court after the payment into

court of the money therein found to be past due. A coercive decree would, at such time, be to no purpose. Again, the commitment, if the purpose of the judgment were to coerce, should specify the act to be performed. Sec. 104-45-12, U. C. A. 1943. The commitment here did not so specify.

Where a judgment is intended to be coercive to compel compliance with an order or judgment it should recite that the defendant shall be confined until he complies or shows inability to comply, but where the judgment metes out punishment for past acts of disobedience, a specified fine or period of incarceration should be stated. See *Watson* v. *Watson,* 72 Utah 218, 269 P. 775; *State* v. *Bartholomew,* 85 Utah 94, 38 P. 2d 753; *Mary Jane Stevens Co.* v. *Foley,* 67 Utah 578, 248 P. 815. See also 31 A. L. R. 649 et seq., 40 A. L. R. 546 et seq., and 76 A. L. R. 390 et seq. The findings show that notwithstanding the ability of petitioner to comply with the decree he wilfully refused to do so. The judgment was clearly one of punishment for such contempt of the authority of the court.

Respondent, however, contends that Sec. 104-45-12, U. C. A. 1943, authorizes imprisonment as a coercive measure and that such section only should be deemed applicable in this case. But Sec. 104-45-10 authorizes the district court to impose a fine of not to exceed $200 and a sentence of not to exceed 30 days in jail when a person has been adjudged guilty of contempt. In Sec. 104-45-1 appears a list of the acts or omissions which constitute contempt, including "(5) Disobedience of any lawful judgment, order or process of the court." There can be no question under the court's findings as to the disobedience of respondent of a lawful judgment and decree for payment of alimony, since the findings show that during the entire period of delinquency he had ample ability to obey and that his failure to obey was wilful. The findings were sufficient to support the judgment of contempt. They meet the requirements of *Ex parte Gerber,* 83 Utah 441, 29 P. 2d 932.

If the findings were erroneous, petitioner had an adequate remedy by appeal. The lower court was in error in

discharging the petitioner from custody. The judgment is therefore reversed with directions to vacate the writ and to dismiss the petition and remand the petitioner and respondent to the custody of the appellant sheriff. Costs to appellant.

LARSON, C. J., and WADE, TURNER and WOLFE, JJ., concur.