## GARLINGTON *et al.* *v.* COKER, trustee.

BECK, J. 1. Where, upon petition to the superior court by certain creditors of a bankrupt, a receiver was appointed to take charge of a certain sum in cash allowed as exemption in the bankrupt court, and in the same order the court directed the trustee in bankruptcy to pay over the amount so exempted to the receiver, and enjoined the trustee from paying the money to the bankrupt, but previously to the granting of this order the trustee had actually paid over the money to the bankrupt, there was no error, upon these facts being made to appear, in refusing to punish the trustee for contempt of court because of his failure to comply with the order to pay the money over to the receiver.

2. It appears from the order granted by the referee in bankruptcy that as a part of the exemption allowed the bankrupt, in addition to certain articles of personalty, it was "ordered and directed that the trustee in the cause pay to the bankrupt the sum of $250.00 in cash;" and the money which was paid over by the trustee to the bankrupt before the appointment of the receiver by the State court was paid under and by virtue of the order of the referee just referred to. And while it is ruled, as stated in the first headnote, that, having paid the money over to the bankrupt before notice of the order by the State court and before the same was actually granted, the trustee will be relieved from the charge of contempt of court, this court does not attempt to pass upon the question as to whether or not he would be relieved of liability, in proper proceedings, because of his failure to deposit the money in some proper depository and distribute it in accordance with section 47 a (3), (4) of the bankruptcy act of 1898, which regulates the duty of trustees in depositing and paying out money received by them, and in accordance with General Order 29 of the Supreme Court of the United States in reference to the same matter.

> *Judgment affirmed. All the Justices concur.*
> MAY 15, 1914.

Rule for contempt. Before Judge Wright. Floyd superior court. January 17, 1913.

*Harris & Harris,* for plaintiff. *Lipscomb & Willingham, Nathan Harris,* and *Maddox & Doyal,* for defendant.