## FIRST NAT. BANK OF CAPE GIRARDEAU v. LUFCY.

Circuit Court of Appeals, Eighth Circuit.
August 17, 1929.

No. 8236.

See, also, 20 F.(2d) 136.

B. C. Hardesty, of Cape Girardeau, Mo. (A. T. Welborn, of Bloomfield, Mo., and Rush H. Limbaugh, of Cape Girardeau, Mo., on the brief), for appellant.

A. Sloan Oliver, of St. Louis, Mo. (O. A. Knehans, of Cape Girardeau, Mo., and A. M. Frumberg, of St. Louis, Mo., on the brief), for appellee.

Before KENYON, Circuit Judge, and JOHNSON and McDERMOTT, District Judges.

JOHNSON, District Judge. On May 12, 1927, the court below, in the matter of the estate of D. F. Walser, bankrupt, in which appellee was trustee, on petition of appellant made the following order:

"The petition of said bank for an order on said trustee to refund said estate $1,500 unlawfully paid to the bankrupt and to pay from the funds of the estate $1,500 to said bank, having been heretofore taken up and heard together with evidence adduced thereon and argument of counsel for said bank in support of the petition and argument of counsel for said trustee against the petition, and the whole matter having been duly submitted and the court being now fully advised it is accordingly ordered and adjudged:

"That the said trustee forthwith refund to the said estate the sum of $1,500 which he unlawfully and without warrant of authority paid to said bankrupt on or about October 10, 1924;

"And it is further ordered and adjudged that out of the funds in his hands belonging to the said estate the trustee forthwith pay to the said bank the sum of $1,500 represent-

ing the amount of the secured claim of said bank that was duly allowed as such by the referee in charge of said estate, together with lawful interest thereon from this date."

It is enough to say that the above order, requiring the trustee to refund to the estate and to pay the bank, was the aftermath of an order by the referee made on October 9, 1924, approving the schedule of property set apart for the bankrupt as exempt under the state laws theretofore filed by the trustee, viz.: "Cash in lieu of homestead, * * * $1,500." This order, in addition to approving the report of the trustee, directed that: "The property therein described be and the same hereby is set apart to the bankrupt, to be retained by him as his own property under the provisions of the act of Congress relating to bankruptcy."

Immediately thereafter the bankrupt was paid $1,500 from the funds of the estate, and, as alleged by the trustee, by a check countersigned and delivered by the referee. It developed later that the order and payment were both improvidently made. The appellant bank held a mortgage, which the referee on November 18, 1925, found to be a valid lien upon the homestead of the bankrupt, and ordered the bankrupt and the trustee to refund the $1,500 to the estate, and directed that the said sum be paid by the trustee to the bank, appellant herein. On May 12, 1927, the court below made the order as above set out. On October 8, 1927, the appellant bank filed in the court a petition, stating that the order of May 12th had not been complied with, and prayed that the trustee be required to show cause why he should not be committed for contempt. In answer to the order to show cause the trustee among other things alleged that he "never did pay out any money in said bankruptcy estate; that all checks drawn on said funds of this estate were not drawn by him, but drawn by the court itself; that the court allowed all claims which were paid and countersigned all checks, and this trustee had nothing to do whatsoever with the payment of any claims; that he signed checks in blank at the request of the referee in bankruptcy, and that the referee in bankruptcy filled out all said checks and delivered them without the knowledge of the trustee herein. * * *

"There are no funds in the estate to pay said sum, and said trustee stands now willing to pay over all funds in said estate, and has always been willing to do so, and that now there are $98.88 in said estate, and is willing and now ready to pay over said sum or any sum in his hands as trustee, and does not intend in any way to disobey the order of this court so far as in his ability to do."

The bank moved for judgment on the pleadings, whereupon the court made the following order:

"The petition of said bank for an order to commit said trustee for contempt, said trustee's return thereto, and said bank's motion for judgment on the pleadings, and said bank's admission of the fact that said trustee has in his hands only $98.88 belonging to the estate wherewith to pay the $1,500 that he has heretofore been ordered to pay, all having heretofore been taken up and heard by the court, together with the argument of counsel for said bank and argument of counsel for said trustee, and all said matters having been duly submitted to the court, and the court being now fully advised, it is accordingly ordered and adjudged:

"That the said motion for judgment on the pleadings be and the same is hereby overruled, and that the rule on said trustee to show cause be and the same is hereby discharged, and that the said proceeding in contempt be and the same is hereby dismissed and the defendant trustee discharged therefrom."

The bank has appealed from this last order, and in its petition filed in this court prays that the court below "be directed to enter an order sustaining said motion for judgment on the pleadings, and adjudging said trustee to be in contempt of court, and providing for his due and proper punishment therefor, and also prays that your petitioner be granted such other and further relief as may seem meet and proper to the court."

Usually appeals in cases of this sort are by the persons committed for contempt. But in this case the appeal is by the complainant from the order discharging the trustee and dismissing the proceeding.

Appellant claimed in the court below, in support of his motion for judgment on the pleadings, and claims here, that the rule applied against bankrupts on orders to show cause why they should not be committed for contempt for failure to comply with turnover orders made against them should be applied against the trustee in this case. The rule in question is to this effect: The bankrupt will not be permitted to say at the hearing on the order to show cause that he did not have in his possession or under his control the property theretofore ordered turned over by him to the trustee. The reason for the rule against bankrupts in such cases is

obvious. The turnover order is made after a hearing, and is based upon a finding that the bankrupt then had the property ordered turned over in his possession or under his control, and was therefore able to comply with the turnover order when it was made. To permit him to raise the question again at the hearing on the order to show cause would be to relitigate a matter which had become res judicata by virtue of the original finding and order.

On the other hand, the reason why the rule may not be invoked and applied in this case is also obvious. The order of May 12, 1927, above set out, shows on its face that appellee did not have the $1,500 in his possession or under his control. The order was: "That the said trustee forthwith refund to the said estate the sum of $1,500 which he unlawfully and without warrant of authority paid to said bankrupt on or about October 10, 1924."

It will be noted, further, that appellee was not required unconditionally to pay appellant $1,500. The order was *"that out of the funds in his hands belonging to the said estate* the trustee forthwith pay to the said bank the sum of $1,500 representing the amount of the secured claim of said bank that was duly allowed as such by the referee in charge of said estate, together with lawful interest thereon from this date." (Italics ours.)

The trial court was of opinion appellee should not be coerced to pay appellant $1,500 out of his own pocket, under duress of imprisonment for contempt, using this language: "I cannot be brought to believe that the power of a court to punish for contempt goes so far as to compel a trustee to pay money out of his own pocket, when he has erroneously paid out such money to one not entitled to it. No adjudged case goes so far. Even those analogous in principle do not squarely so hold. The remedy of the bank has always seemed clear to me, and it does not lie in contempt."

The order discharging appellee was based on sound and just principles. To imprison appellee as for contempt under the facts in this case, in our opinion, would be imprisonment for debt, happily long since abolished. The improvident and oppressive use of the power to commit for contempt was vigorously discussed and roundly denounced by this court in Boyd v. Glucklich, 116 F. 131. See, also, Garlington v. Coker, 141 Ga. 678, 81 S. E. 1107.

The order discharging the trustee and dismissing the proceeding will be affirmed; and it is so ordered.